IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CORY BROWN,

      Plaintiff,

      v.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
EVERHOME MORTGAGE
COMPANY, and OPTEUM
FINANCIAL SERVICES, LLC,

      Defendants.

CIVIL ACTION FILE

1:10-CV-03289-TWT-GGB

## FINAL REPORT AND RECOMMENDATION

This is a *pro se* civil action filed by the plaintiff, Cory Brown ("Plaintiff"),
against the lending and servicing companies that originated, assigned and serviced his
mortgage.  The matter is before the court on the motions to dismiss filed by defendants
Federal National Mortgage Association ("FNMA"), Mortgage Electronic Registration
System, Inc. ("MERS"), and EverHome Mortgage Company ("EverHome")
(collectively "the EverHome Defendants").  (Docs. 5 & 10).  For the reasons stated
below, I recommend that the EverHome Defendants' second motion to dismiss
(Doc. 10) be **GRANTED**, and that their initial motion to dismiss (Doc. 5) be **DENIED**

**AS MOOT**.  I also recommend that this action be **DISMISSED** against defendants FNMA, MERS, and Opteum Financial Services, LLC, for failure to prosecute.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Plaintiff's failure to make payments as specified under a loan that he obtained from Opteum Financial Services, LLC ("Opteum" or "lender") on December 15, 2006.  On that date, Plaintiff executed a promissory note in favor of Opteum in the amount of $316,610.00.  (Doc. 1, complaint).  Repayment of the loan was secured by Plaintiff's property located at 3959 Parham Way, College Park, Georgia, 30349 (the "Property").  The security deed securing the loan was granted by Plaintiff to MERS as nominee for Opteum.  (Doc. 10 at 3; Doc. 10-2, security deed). The deed states that for the purpose of securing repayment of the debt set forth in the note, "[Plaintiff] does hereby grant and convey [the Property] to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale."  (Doc. 10-2 at 3).  Further, the deed states that "if necessary to comply with law or custom, MERS ... has the right: to exercise any or all of [the interests granted to MERS by the Borrower], including but not limited to, the right to foreclose and sell the Property...."  (Id.).

On June 1, 2010, MERS assigned to EverHome Mortgage Company the deed to secure debt dated December 15, 2006 between Plaintiff and MERS, together with "all the rights, powers and privileges therein contained." (Doc. 10-3 at 1, assignment).  The assignment was recorded on September 7, 2010 in the Superior Court of Fulton County.

In his second amended complaint, Plaintiff alleges that sometime in 2007, he received "a coupon book and envelopes in the mail from Everhome Mortgage Company to mail [his] mortgage payments." (Sec. Am. Compl. ¶ 6).[1]  At some unspecified time and through some unspecified means, Plaintiff allegedly contacted EverHome to arrange a modification of his mortgage.  Plaintiff asserts that he was given a checklist of documents that he needed to provide and that he provided the requested documents on numerous (unspecified) occasions.  (Id. ¶¶ 7-8).  At some point, Plaintiff received a letter from EverHome's attorneys notifying Plaintiff that they were initiating the

---

[1] Plaintiff filed his initial complaint in this court on October 13, 2010.  (Doc. 1). He filed an amended complaint on November 29, 2010.  (Doc. 3).  Both pleadings were shotgun complaints similar, if not identical, to others obtained off the internet and previously filed by borrowers against their lenders in this court and in other federal courts across the country in order to forestall the foreclosure process.  On December 2, 2010, this court ordered Plaintiff to re-plead his amended complaint (within 14 days of the date of the order) to correct the numerous deficiencies identified by the court. (Doc. 6).  Over a month later, on January 7, 2011, Plaintiff filed a second amended complaint against Defendant EverHome only.  (Doc. 11, "Second Amended Complaint").

3

foreclosure process.  In response to the letter, Plaintiff contacted EverHome and was advised that if he re-sent the required documents, EverHome would proceed with the modification and the foreclosure date would be postponed.  (Id. ¶¶ 9-11).

Plaintiff asserts that late in the day on September 3, 2010, he received a voicemail from EverHome stating that he needed to pay $4,000.00 to start a "CAP modification" in order to stop the foreclosure sale scheduled for September 7, 2010.  (Id. ¶ 12).  When he attempted to contact EverHome, the office had closed for the day.  When Plaintiff called EverHome and their lawyers on September 7, 2010, he was told the foreclosure sale had already occurred and "it was too late to do anything."  (Id. ¶¶ 12-13).  A copy of the deed under power evidencing the foreclosure sale on September 7, 2010 is attached to the EverHome Defendants' second motion to dismiss as Exhibit D.  (Doc. 10-4).

Plaintiff objects to the foreclosure sale on several grounds.  First, Plaintiff alleges that the security deed was never properly transferred or assigned to EverHome despite its representations that the deed had been assigned, and, therefore, EverHome was not entitled to foreclose on the Property.  Second, Plaintiff alleges that the note and security deed are "split" because the same entity does not possess both, and once split, "there is NO way to get them back together."  (Sec. Am. Compl. ¶¶ 26-30).  Finally, Plaintiff

alleges that EverHome failed to send him written notice containing the amount of the debt, the creditor's name and his right to dispute the debt and obtain verification – presumably prior to foreclosing on the Property.  (Id. ¶ 31).

Plaintiff's Second Amended Complaint alleges claims against EverHome for fraud (Count I), negligent misrepresentation (Count II), wrongful foreclosure (Count III), violation of the Fair Debt Collection Practices Act ("FDCPA")(Count IV), and punitive damages (Count V [mislabeled as "Count VI"]).  Plaintiff asks the court to set aside the foreclosure sale; he also seeks unspecified monetary damages, including punitive damages, for his "unnecessary trouble and expense."  (Id. at 8-9).

On December 2, 2010, in response to the filing of Plaintiff's first amended complaint, the EverHome Defendants filed their first motion to dismiss (Doc. 5).  On the same date, but before their motion to dismiss was docketed, this court ordered Plaintiff to re-plead his first amended complaint within 14 days of the date of the order. (Doc. 6, Order).  Over a month later, without explanation for the delay, Plaintiff filed his second amended complaint.  (Doc. 11).  On January 18, 2011, the EverHome Defendants filed their second motion to dismiss (Doc. 10), arguing that Plaintiff's action is subject to immediate dismissal, under Rule 12(b)(6) of the Federal Rules of

AO 72A
(Rev.8/82)

Civil Procedure, for failure to state a claim upon which relief may be granted, and failure to timely comply with this court's Order entered December 2, 2010.

In their motions to dismiss, the EverHome Defendants assert that they have never been properly served. Accordingly, the EverHome Defendants contend that in addition to failing to state a claim, this action is void due to Plaintiff's failure to properly serve them.

Plaintiff has not filed a response to either motion to dismiss. Local Rule 7.1(B) provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Therefore, the motions to dismiss shall be treated as unopposed. Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).

## II.  LEGAL STANDARD

In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an

6

> unadorned, the-defendant-unlawfully-harmed-me accusation.
> A pleading that offers labels and conclusions or a formulaic
> recitation of the elements of a cause of action will not do.
> Nor does a complaint suffice if it tenders naked assertions
> devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to state a claim to
> relief that is plausible on its face. A claim has facial
> plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The
> plausibility standard is not akin to a probability requirement,
> but it asks for more than a sheer possibility that a defendant
> has acted unlawfully. Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops
> short of the line between possibility and plausibility of
> entitlement to relief.

Id. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual

allegations in a complaint as true, it need not accept as true legal conclusions recited in

a complaint. Repeating that "only a complaint that states a plausible claim for relief

survives a motion to dismiss," the Supreme Court then advised that "[d]etermining

whether a complaint states a plausible claim for relief will ... be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense.

But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that

7

the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))(other

citations omitted).  All reasonable inferences are to be made in favor of the plaintiff.

Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

Complaints filed *pro se* are to be liberally construed and "held to less stringent

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

94 (2007)(citations and internal quotation marks omitted).  Nevertheless, a *pro se*

plaintiff must still comply with the threshold requirements of the Federal Rules of Civil

Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se*

complaint still must state a claim upon which the Court can grant relief." Grigsby v.

Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

## III. DISCUSSION

### A.    Defendants' First Motion to Dismiss

In their first motion to dismiss (Doc. 5), the EverHome Defendants moved to

dismiss Plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, and insufficient service of process.  As noted above,

Plaintiff did not file a response to that motion to dismiss.

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, that

a party may amend its pleading once as a matter of course (without seeking leave of the

8

court) within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(A) & (B).  As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."  Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)(citation and quote marks omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982)("Under the Federal Rules, an amended complaint supersedes the original complaint.").  "That means that specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint."  Gross v. White, 340 F. App'x 527, 534 (11th Cir. 2009).

The EverHome Defendants' first motion to dismiss has been rendered moot by the filing of Plaintiff's amended complaints.  It is therefore **RECOMMENDED** that the EverHome Defendants' first motion to dismiss (Doc. 5) be **DENIED AS MOOT**.

**B.    Defendants' Second Motion to Dismiss**

*1.    Fraud*

In his Second Amended Complaint, Plaintiff alleges that EverHome is liable for fraud because it falsely represented that the security deed to the Property had been transferred or assigned to EverHome, and Plaintiff relied on EverHome's representatives and tried to work with EverHome to satisfy Plaintiff's obligations. (Sec. Am. Compl. at 4-5).

Under Georgia law, to recover for fraud, a plaintiff is required to show five elements: (1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by reliance. Harrouk v. Fireman, 291 Ga. App. 818, 822, 662 S.E.2d 892, 895 (Ga. Ct. App. 2008)(citation omitted). Rule 9 of the Federal Rules of Civil Procedure requires a party alleging fraud to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b).

As stated above, to survive a motion to dismiss, a plaintiff must do more than merely state legal conclusions; he is required to allege some specific factual basis for those conclusions or face dismissal of his claims. See Jackson v. BellSouth

<u>Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004).  The court may consider the full text of documents referenced in, or central to, the allegations of the complaint.  <u>See</u> <u>Brooks v. Blue Cross and Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997).  If an allegation in the complaint is based on a writing and the writing contradicts the allegation, the writing controls.  <u>See</u> <u>Associated Builders, Inc. v. Alabama Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974)(stating that "If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c) ... reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.").[2]

Applying these rules, Plaintiff's fraud claim fails.  Plaintiff has failed to identify any false statement made by any specific EverHome representative which was intended to deceive him or induce any action on his part or upon which he reasonably relied to his detriment.  <u>See</u> <u>WESI, LLC v. Compass Envtl., Inc.</u>, 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007) ("Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why, and how of the alleged fraud.").  Moreover, the Property records on file with Fulton County show that the security deed was assigned to EverHome by

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former 5th Circuit handed down prior to the close of business on September 30, 1981.

11

MERS.[3]  (Doc. 10-3 at 1).  Even if the court were to assume that the assignment, as recorded, does not contradict Plaintiff's allegation, Plaintiff's Second Amended Complaint fails to specify who, on behalf of EverHome, allegedly made false representations that the security deed had been transferred to EverHome, when and to whom the false statement was allegedly made, and whether the misrepresentation was made orally or in writing.  Because Plaintiff's fraud claim contains only conclusory allegations, fails to satisfy the elements of a fraud claim, and fails to plead fraud with particularity, I recommend that the claim be DISMISSED.

### 2.    *Negligent Misrepresentation*

Plaintiff asserts a negligent misrepresentation claim based on the same alleged misrepresentation that forms the basis of his fraud claim.  Negligent misrepresentation is a similar cause of action, substituting negligence for the intent-to-deceive element of a fraud claim.  See Prince Heaton Enters., Inc. v. Buffalo's Franchise Concepts, Inc.,

---

[3] The court has taken the EverHome Defendants' exhibits into consideration in reviewing the merits of their second motion to dismiss, without converting the motion to a motion for summary judgment, because in Plaintiff's Second Amended Complaint, Plaintiff refers to the transactions memorialized in the exhibits, the documents are central to Plaintiff's claims, and the authenticity of the documents has not been challenged.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997)("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").

117 F. Supp. 2d 1357, 1360 (N.D. Ga. 2000)(citing <u>Robert & Co. Assocs. v.</u> <u>Rhodes-Haverty P'ship</u>, 250 Ga. 680, 300 S.E.2d 503 (1983)).

Under Georgia law, a claim for negligent misrepresentation requires a plaintiff to establish that (1) the defendant negligently supplied false information to foreseeable persons, known or unknown; (2) such persons reasonably relied upon that information; and (3) economic injury proximately resulted from that reliance." <u>Am. Casual Dining,</u> <u>L.P. v. Moe's Sw. Grill, L.L.C.</u>, 426 F. Supp. 2d 1356, 1365-66 (N.D. Ga. 2006).

As with Plaintiff's fraud claim, Plaintiff has failed to allege or show that EverHome negligently supplied false information to Plaintiff, that Plaintiff in any way relied upon the alleged negligently-supplied false information, and that his reliance caused economic injury.   I recommend, therefore, that Plaintiff's negligent misrepresentation claim be DISMISSED.

### 3.    *Wrongful Foreclosure*

Plaintiff next alleges that the foreclosure sale of the Property is unlawful and should be set aside because the note and the security deed have been "split," and EverHome does not possess Plaintiff's original promissory note. (Sec. Am. Compl. at 6-7).  Plaintiff alleges that once the note is split from the security instrument, there is no enforcement mechanism available under the security deed.  (<u>Id.</u> ¶ 30).

In Georgia, "a plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Gregorakos v. Wells Fargo Nat'l Ass'n, 285 Ga. App. 744, 747-48, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007).

As alleged, Plaintiff has failed to state a claim for wrongful foreclosure.  Under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies."  LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *3 (N.D. Ga. Jan. 18, 2011)(quoting Gordon v. S. Cent. Farm Credit, ACA, 213 Ga. App. 816, 446 S.E.2d 514, 515 (Ga. Ct. App. 1994)).  The record shows that Plaintiff granted and conveyed the Property to MERS with power of sale.  (Doc. 10-2 at 3).  Further, the deed that Plaintiff granted to MERS states that "if necessary to comply with law or custom, MERS ... has the right: to exercise any or all of [the interests granted to MERS by the Borrower], including but not limited to, the right to foreclose and sell the Property...." (Id.).  Thus, Plaintiff unequivocally granted MERS the power to sell the Property in the event Plaintiff failed to comply with the terms of the note.  The assignment filed and recorded in the Superior Court of Fulton County,

14

in Deed Book 49334, page 408, indicates that MERS later conveyed to EverHome the security deed to the Property, "together with all the rights, powers and privileges therein," including the right to foreclose and sell the Property.  (Doc. 10-3).  Plaintiff has not challenged or disputed the authenticity of the assignment document.

Instead, Plaintiff alleges that the note and deed have been "split," rendering the security deed a nullity.  Plaintiff, however, has failed to provide the court with any argument or legal authority to support his allegations.  The court is unaware of any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note.  Variations of this "split the note" argument have been repeatedly rejected by this court.  See, e.g., LaCosta, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *4 (stating that the court "does not read Sammons to require that an entity or individual in possession of the security deed, must also possess the note before bringing a foreclosure action"); Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB,  2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010)("[T]he nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage").

15

Plaintiff's Second Amended Complaint fails to assert a claim for wrongful foreclosure that is plausible on its face. Therefore, I recommend that Plaintiff's wrongful foreclosure claim be DISMISSED.

### 4.    *Plaintiff's Fair Debt Collection Practices Act Claim*

Plaintiff asserts that EverHome "has failed to send me written notice containing the amount of the debt, the creditor's name and my right to dispute the debt and obtain verification of the debt." (Doc. 11 at 8). This conclusory statement fails to state a claim under the FDCPA. It is well established that the FDCPA applies only to "debt collectors" and not to creditors or mortgage servicers. 15 U.S.C. § 1692a(6); Hennington v. Greenpoint Mortgage Funding, Inc., 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009). Plaintiff's Second Amended Complaint neither alleges that EverHome is a "debt collector" as defined in the FDCPA nor that it was attempting to collect a debt from Plaintiff on behalf of another party. See Humphrey v. Washington Mut. Bank, F.A., 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007)("Plaintiffs' Fair Debt Collection Practices Act claim fails because that Act applies only to debt collectors and not to creditors or mortgage servicers."); Russell-Allgood v. Resurgent Capital Servs., L.P., 515 F. Supp. 2d 1307, 1310 (N.D. Ga. 2007)(noting that the FDCPA's "definition

16

of 'debt collector' generally excludes 'creditors'" and dismissing FDCPA claims against creditor).

Plaintiff's Second Amended Complaint lacks any factual context from which the court could infer that EverHome (or any of the other named defendants) violated any provision of the FDCPA. Accordingly, with regard to Plaintiff's FDCPA claim, the EverHome Defendants' second motion to dismiss should be GRANTED.

**5.      *Plaintiff's Claims for Punitive Damages and Litigation Expenses***

Plaintiff claims that he is entitled to an award of punitive damages, without limitation or cap, due to the defendants' "willful misconduct, malice, fraud, and wantonness." (Doc. 11 at 8). Plaintiff, who is proceeding without counsel, further contends that he is entitled to an award of reasonable attorney's fees and expenses, pursuant to O.C.G.A. § 13-6-11. That statute provides for an award of litigation expenses only where the defendant is shown to have acted in bad faith, to have been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. Id. Plaintiff has failed to make such a showing. Plaintiff has also failed to relate his claims for damages and expenses to any theory of recovery and to demonstrate any facts or scenario that would justify such awards. Accordingly, Plaintiff's punitive damages and litigation expenses claims are without merit and should be DISMISSED.

17

**6.      *Plaintiff's Claims Against FNMA, MERS and Opteum***

In his Second Amended Complaint, Plaintiff appears to have withdrawn any and all claims that he may have had against the named defendants other than EverHome in his original and first amended complaints, including defendants FNMA, MERS, and Opteum.   The Second Amended Complaint contains no allegations against those defendants; nor does Plaintiff ask the court to grant any relief against them.

In addition, no proof of service has been filed with the court for any defendant besides EverHome.[4]   See Fed. R. Civ. P. 4(c) & (h).   Under the Federal Rules, the plaintiff is tasked with serving each defendant with both a summons and the complaint within the time allowed under Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) requires the plaintiff to effect service upon the defendants within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m); see Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).  Thus, Plaintiff was responsible for properly serving the defendants within 120 days of  October 13, 2010, the date on which this case was filed.  (Doc. 1).

---

[4] In addition to dismissal on the merits, the EverHome Defendants argue that Plaintiff's action should be dismissed for the additional reason that FNMA and MERS were never served with process, and Plaintiff's attempted service on EverHome (the sole defendant for which a proof of service was filed) was defective. (See Doc. 5 at 31-34; Doc. 10 at 16).

More than 120 days have elapsed since Plaintiff's original complaint was filed, yet Plaintiff has provided no evidence to suggest that any of the defendants (other than Everhome) were properly served, that Plaintiff forwarded to the defendants a request for waiver of service as described in either Federal Rule 4(d) or under Georgia law, or that the defendants agreed to waive service of process.  As a result, there is no indication in the record that Plaintiff satisfied the requirements of Rule 4.

The filing of the EverHome Defendants' first motion to dismiss Plaintiff's complaint for insufficient service of process under the Federal Rules and O.C.G.A. § 9-11-4 put Plaintiff on notice of the alleged defects in service.  Despite this notice, Plaintiff has made no attempt to serve or re-serve the defendants or respond to their arguments concerning defective and/or improper service.  The fact that some of the defendants obtained actual notice of the suit does not cure defective service. Manufacturers Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 940 (11th Cir. 1995).

Accordingly, as to defendants FNMA, MERS, and Opteum, I recommend that this action be DISMISSED for failure to prosecute pursuant to Fed. R. Civ. P. 4(m) and Local Rule 41.3, NDGa.[5]

---

[5] Because Plaintiff's Second Amended Complaint is due to be dismissed on other grounds, the court does not reach the issue of insufficient service of process with regard to EverHome.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons and cited authority, I **RECOMMEND** the following:

    (1)    that the EverHome Defendants' first motion to dismiss (Doc. 5) be **DENIED AS MOOT**;

    (2)    that the EverHome Defendants' second motion to dismiss (Doc. 10) be **GRANTED** in its entirety; and

    (3)    that this action also be **DISMISSED** against defendants Federal National Mortgage Association, MERS, and Opteum Financial Services, LLC, for failure to prosecute pursuant to Fed. R. Civ. P. 4(m) and Local Rule 41.3.

Because I conclude that amendment of the complaint would be futile and would not remedy the defects in Plaintiff's claims, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED with prejudice**.  <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a district court need not allow an amendment where amendment would be futile).  Dismissal with prejudice is recommended for the further reason that Plaintiff failed to comply with the Order of this court to file his Second Amended Complaint within 14 days of the date of the Order.

As this is a Final Report and Recommendation, and there is nothing further in this action pending before me, the Clerk is **DIRECTED** to terminate this reference.

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED**, this 28th day of February, 2011.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)